# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TUHIN K. CHAUDHURI,
        Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
DA-1221-14-0553-W-2

DATE: March 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

R. Chris Pittard, Esquire, San Antonio, Texas, for the appellant.

Thomas J. Herpin, Esquire, Houston, Texas, for the agency.

Jeffrey T. Reeder, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his individual right of action appeal. On petition for review, the appellant argues that the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge erred in finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's protected disclosures. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify one factor of the agency's burden of proof, we AFFIRM the initial decision.

¶2        In finding that the agency showed by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's whistleblowing, the administrative judge properly relied on the three factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). *Chaudhuri v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-14-0553-W-2, Appeal File, Initial Decision (W-2 ID) at 13-51. Regarding the third *Carr* factor, the administrative judge found that the appellant had not identified any other employee who was not a whistleblower and who remained employed by the agency after being found to have provided substandard care to patients and having lost clinical privileges, and that, in the absence of such evidence and in consideration of the strength of the other *Carr* factors, the agency had met its burden. W-2 ID at 51. In analyzing the third *Carr* factor,

however, the administrative judge appeared to have placed the burden of proof on the appellant, rather than on the agency where it belongs. *Miller v. Department of Justice*, 842 F.3d 1252, 1261 (Fed. Cir. 2016). In fact, the agency did not present any specific evidence in support of the third *Carr* factor.

¶3 *Carr* does not impose an affirmative burden on the agency to produce evidence as to each of the *Carr* factors to weigh them individually in the agency's favor, and the absence of any evidence relating to the third *Carr* factor can effectively remove that factor from the analysis. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012). However, "the Government's failure to produce evidence on this factor 'may be at the agency's peril,' considering the Government's advantage in accessing this type of evidence." *Miller*, 842 F.3d at 1262 (quoting *Whitmore*, 680 F.3d at 1374).

¶4 On review, the appellant argues that his supervisor was a similarly situated nonwhistleblower against whom the agency did not take action. Petition for Review File, Tab 12 at 8. The appellant states that the eight physicians who participated in what he described as a "blind" study of his review of six scans as set forth in the notice of proposed removal, and his supervisor's review of the same scans, found errors in the latter's readings and that his colleague and supporter, and another physician, testified similarly. *Id.* The appellant has not, however, shown error in the administrative judge's decision to afford little weight to the appellant's supporter's testimony and the "blind" study based on the fact that a number of physician witnesses, including the appellant himself, testified that, to properly read a study, complete images must be viewed on a special computer, but that the appellant's supporter and the eight physicians only examined still images.[2] W-2 ID at 26. These witnesses' opinions of the

---

[2] The same may be said for the other physician called by the appellant to testify. Hearing Compact Disc 1 (Jan. 25, 2016). The administrative judge's failure to mention this testimony does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

appellant's supervisor's readings are properly discounted for the same reason the administrative judge discounted their opinions of the appellant's readings. Thus, the appellant's assertions do not support an analogy to his situation. Moreover, the totality of the agency's evidence in support of the first *Carr* factor is strong and in support of the second factor is relatively strong, and more than makes up for any dearth of evidence on the third *Carr* factor. Therefore, to the extent the administrative judge erred in assigning the burden of proof as to the third *Carr* factor to the appellant, the error did not prejudice his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , [137 S. Ct. 1975](2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

[http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx].

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  [5 U.S.C. § 7702](b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.